## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RANDY GOMETZ**,

**Petitioner,**

**v.**                                                           **No. 14-0177-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on Gometz's February 17, 2015 motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 2 & 10).[1]   Gometz seeks the reversal of his underlying conviction for assaulting a federal officer with a dangerous weapon.   The government opposes the motion (Doc. 8).   Based on the following, the Court denies and dismisses Gometz's petition.   Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter.   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions

---

[1] On May 20, 2015, the Court allowed Gometz up to and including June 10, 2015 to supplement his petition (Doc. 16).  As of this date, he has not done so.

that would warrant a hearing).   In addition, the Court finds that appointed counsel is not in the interest of justice and that counsel would not assist Gometz in this matter.   The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent movant seeking relief under 28 U.S.C. § 2255. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for a § 2255 movant is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis. See Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). "Due process does not require appointment of counsel for indigent prisoners pursuing ... federal habeas relief." *Pruitt v. Mote,* 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. The decision is a discretionary one. *Id.* at 653; *Jackson,* 953 F.2d at 1071. A threshold question is whether the litigant has attempted to obtain counsel or has been effectively precluded from doing so. *Pruitt,* 503 F.3d at 654–55; *Jackson,* 953 F.2d at 1072–73. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt,* 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—

factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.* Reviewing the record, the Court finds that Gometz has not established that he has attempted to obtain counsel or that he has been has been effectively precluded from doing so. Further, the Court, despite Gometz's claims of being mentally ill, finds that Gometz has coherently and thoroughly presented his issues throughout his pleadings. Therefore, the Court denies Gometz's motions to appoint counsel (Docs. 3, 11, 12, and 14).

In 2002, the Tenth Circuit Court of Appeals summarized Gometz's extensive criminal convictions:

"Randy Gometz (Petitioner) has been in federal prison since receiving a 15–year sentence for bank robbery in 1975. While serving time he has been convicted of several additional crimes, each of which resulted in a sentence to be served consecutively to his other sentences. The offenses, together with the year and length of sentence are as follows: assaulting an inmate (1980, 1 year), assaulting a correctional officer (1981, 3 years), aiding and abetting the murder of a correctional officer (1983, life), **assault with a dangerous weapon on a federal officer (1988, 10 years)**, and possession of contraband in prison (1988, 5 years). He has also been disciplined for well over 100 prison infractions."

*Gometz v. United States Parole Commission*, 294 F.3d 1256, 1258 (10th Cir. 2002)("emphasis added).  This petition stems from his 1988 conviction wherein a

jury found Gometz guilty of one count of assaulting an official of a United States Penitentiary with a dangerous weapon in violation of 18 U.S.C. § 111 and one count of possession of an object that is designed or intended to be used as a dangerous weapon in violation of 18 U.S.C. § 1791. *See United States v. Gometz*, 879 F.2d 256, 258 (7th Cir. 1989).   The Seventh Circuit succinctly recited the facts surrounding that conviction as follows:

> "On August 30, 1986 defendant Randy Gometz, an inmate at the United States Penitentiary at Marion, Illinois, attempted to shoot prison guard Dennis Etherton with a homemade device commonly known as a zip gun.  Fortunately, the zip gun misfired and no one was injured.  At trial it was established that the device as constructed was not operable due to defective wiring.
> As a result of the incident, Gometz was charged with one count of assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. §111 and one count of possession of an object that may be used as a weapon in violation of 18 U.S.C. § 1791.  At trial, Gometz claim that he acted in self defense in response to the constant abuse he had suffered at the hands of prison officials.  In support of this assertion, defendant introduced testimony from other inmates indicating that he was an object of hatred among prison officials and detailing the abuse he received.  Gometz was ultimately convicted on both counts of the indictment receiving consecutive sentences of ten years on the § 111 count and five years on the § 1791 count."

*Id.* (footnote omitted).  On appeal, Gometz argued, *inter* alia, that because the zip gun was inoperable, it could not be considered a "weapon" under 18 U.S.C. § 1791, or a "dangerous weapon" under 18 U.S.C. § 111.  The Seventh Circuit disagreed with Gometz and affirmed the convictions.  *Id.* at 259-260.  Shortly thereafter, the Seventh Circuit issued an Order granting a joint motion by the parties to vacate and remand Gometz's conviction on the possession count.  *Id.* at 261.  On remand, the District Court granted the motion for dismissal of the

possession count and vacated the sentence for that count.

Gometz raises the following issues in his 2255 petition: (1) newly discovered evidence that the forensic examiner in this case submitted faulty and flawed evidence that was material to his conviction; (2) conviction was obtained by the introduction of evidence to the jury that was later found to be scientifically flawed; and (3) the conviction that was obtained in this case constitutes "plain error" because it was based on flawed testimony.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.   More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72,

87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816.   Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice.   *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000).   The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice."   *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the 'the date on which the judgment of the conviction becomes final.'" *Clay v. United* States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1).   Here, Gometz's sentence and conviction were affirmed by the Seventh Circuit on or around September 19, 1989 and the District Court dismissed the possession count and vacated the sentence on the possession count on October 25, 1989.   Therefore, Gometz's conviction became final, at the latest sometime in November 1989, and a timely motion under § 2255 had to be filed by November 1990.   Gometz's motion was filed over 25 years after his conviction became final and clearly it is untimely.   He has failed to establish any such facts, as his petition contains no exhibits or affidavits, only conclusory allegations.   Further, he has not presented any evidence that petition is timely.   While he alleges that he received a letter from the Department of Justice on August 12, 2014 which constitutes newly discovered

evidence that "the forensic examiner in his case submitted faulty and flawed evidence that was material" to his conviction, the Court finds that Gometz has failed to establish that he could not have discovered the facts upon which he bases his § 2255 petition much earlier with the exercise of due diligence.  In fact, the record reveals that in 1997, almost ten years after Gometz's conviction, the Office of the Inspector General of the United States Department of Justice issued a report entitled "The FBI Laboratory: An Investigation into Laboratory Practices and Alleged Misconduct in Explosive-Related and Other Cases" that was critical of certain work performed by a number of FBI lab workers, among them Agent Roger Martz, whom Gometz complains.  Gometz's claims should have been raised previously and could have been raised previously.

Moreover, Gometz does not specify whether the letter indicated that the forensic examiner, Martz, was found to have erred in the analysis associated with *his* case, or even if the examiner testified in his case.  This so called newly discovered evidence fails to invoke a legal error that resulted in a miscarriage of justice or serious constitutional issue.  *See Guinan v. United* States, 6 F.3d 468, 470-71 (7th Cir. 1993), abrogated on other grounds by *Massaro v. United* States, 538 U.S. 500 (2003).  Thus, in addition to the untimeliness, the Court finds that Gometz is not entitled to relief under Section 2255 as this is not the kind of claim that is cognizable under § 2255.

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should

have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **DENIES** Gometz's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 18th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.18
14:09:55 -05'00'

**United States District Court**